UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

MANUEL E. RIVAS,

    Plaintiff,

v.

MIDLAND FUNDING, LLC,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant filed a state court suit against Plaintiff in this district.

## PARTIES

3.    Plaintiff, MANUEL E. RIVAS, ("Rivas") is a natural person and citizen of the State of Florida residing in Broward County, Florida.

4.      Defendant, MIDLAND FUNDING, LLC, ("Midland") is a limited liability company formed under the laws of the State of Delaware with its principal place of business at Suite 1300, 3111 Camino Del Rio North, San Diego, California 92108.

5.      Defendant is registered with the Florida Secretary of State as a foreign limited liability company. The Secretary's records show Defendant's registered agent as Canon Business Process, Suite 100, 8875 Hidden River Parkway, Tampa, Florida 33637.

6.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7.      Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

8.      Defendant is a "debt collector" as defined in the FDCPA and the FCCPA.

## FACTUAL ALLEGATIONS

9.      On or about December 30, 2017, Defendant filed a suit against Plaintiff in state court in Broward County, Florida seeking to collect a defaulted credit card debt in the amount of $4,561.98, an account Plaintiff used for personal, family and household purposes, (the "Amazon" account or "Case Number 18-000090," a/k/a Midland Account number ending in 9037, aka Midland Legal Collections Account Number 17-334299).

10.     On or about December 30, 2017, Defendant filed a second suit against Plaintiff in state court in Broward County, Florida seeking to collect a defaulted credit card debt, in the amount of $4,300.23, an account Plaintiff used for personal, family and household purposes, (the "TJ Max" account or "Case Number 18-000089," a/k/a Midland Account number ending in 5890).

11. On or about January 3, 2018, Defendant filed a third suit against Plaintiff in state court in Broward County, Florida seeking to collect a defaulted credit card debt, in the amount of $3,821.19, an account Plaintiff used for personal, family and household purposes, (the "Lowe's" account or "Case Number 18-000068," a/k/a Midland Account number ending in 9239).

12. On or about January 4, 2018, Plaintiff and Defendant entered into a settlement agreement regarding all three of the state court cases for $1,100.00 in total, attached as Exhibit "A".

13. The settlement agreement required Rivas to make monthly payments of $50.00 commencing July 15, 2018 until the agreed upon amount of $1,100.00 was paid in full. The settlement agreement further provides that Rivas shall make his payments via Midland's website (www.midlandcreditonline.com) and that Midland shall dismiss case number 18-000068 and 18-000089. The settlement agreement was approved by the state court judge who affixed her signature thereto, and contemporaneously entered an order requiring Midland to file a dismissal of case number 18-000068 and 18-000089 within 15 days of the order, attached as Exhibit "B".

14. As of the filing of this complaint, Midland has not dismissed case number 18-000068 or case number 18-000089.

15. On or about June 26, 2018 Plaintiff visited Defendant's website for the purpose of making the first payment of $50.00 due July 15, 2018. Defendant's website showed a balance of $1,100.00 regarding the Amazon account, which is consistent with the settlement agreement, however, the site showed a balance of $4,300.23 regarding the

3

TJ Max account and $3,821.19 regarding the Lowe's account, when the balance on those two accounts should have been zero, in accordance with the settlement agreement.

16. Plaintiff was confused by Defendant's representation to him of an amount due far in excess of the agreed balance.

17. On June 28, 2018, Plaintiff made his first payment due July 15, 2018.

18. On August 3, 2018, Plaintiff made his second payment due August 15, 2018. At that time, Defendant's website still represented a balance of $4,300.23 regarding the TJ Max account and $3,821.19 regarding the Lowe's account, when the balance on those two accounts should have been zero, but now represented the balance due on the Amazon account as $4,511.98 when the true balance was $1,050.00.

19. On September 10, 2018, Plaintiff made his third payment due September 15, 2018. At that time, Defendant's website still represented a balance of $4,300.23 regarding the TJ Max account and $3,821.19 regarding the Lowe's account, when the balance on those two accounts should have been zero, but now represented the balance due on the Amazon account as $4,461.98 when the true balance was $1,000.00.

20. On October 11, 2018, Plaintiff made his fourth payment due October 15, 2018. At that time, Defendant's website still represented a balance of $4,300.23 regarding the TJ Max account and $3,821.19 regarding the Lowe's account, when the balance on those two accounts should have been zero, but now represented the balance due on the Amazon account as $4,411.98 when the true balance was $950.00.

## COUNT I
## FALSE STATEMENTS

21. Plaintiff incorporates Paragraphs 1 through 20.

22. Defendant falsely represented the amounts of the alleged debts in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FALSE REPRESENTATION OF THE LEGAL STATUS OF THE DEBT

23. Plaintiff incorporates Paragraphs 1 through 20.

24. Defendant falsely represented the status of case number 18-000068 and 18-000089 as open cases by failing to file the dismissal's thereof as agreed to by the parties and as ordered by the state court judge in violation of 15 U.S.C. §1692e in general and 15 U.S.C. §1692e(2)(A) in particular.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## CLAIMING THE RIGHT TO WHICH DEFENDANT KNOWS IT IS NOT ENTITLED IN VIOLATION OF THE FCCPA

25. Plaintiff incorporates Paragraphs 1 through 20.

26. Defendant claimed the right to collect amounts in excess of the amounts due in accordance with the settlement agreement by representing amounts in excess of the amounts due under the settlement agreement, in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

27. Plaintiff incorporates Paragraphs 1 through 20.

28. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's claims of the amounts due in excess of the amount agreed upon in the settlement agreement are in violation of the FCCPA.

29. Plaintiff seeks a permanent injunction prohibiting Defendant from continuing to make false representations of the amounts due.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a. declaring that Defendant's practices violate the FCCPA;

    b. permanently injoining Defendant from engaging in the violative practices;

    c. Attorney's fees, litigation expenses and costs of suit; and

      d.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> Email: don@donyarbrough.com
>
> By: s/ Donald A. Yarbrough
> Donald A. Yarbrough, Esq.
> Florida Bar No. 0158658